fendants do not contend that the terms of plaintiffs' employment are governed by a collective bargaining agreement (CBA) or that there is an applicable interest arbitration award. Further, even assuming, arguendo, that some of the terms of plaintiffs' employment as seasonal workers can be determined by reference to the CBA governing permanently employed sanitation workers, we conclude that plaintiffs are not entitled to any scheduled wage increases pursuant to that CBA. Instead, plaintiffs' scheduled wage increases "take effect" pursuant to the Living Wage Ordinance, and thus those wage increases are outside the purview of the BFSA's authority (*id.*; *see Patrolmen's Benevolent Assn. of City of N.Y. v City of New York*, 41 NY2d 205, 208-209 [1976]). We have reviewed defendants' remaining contentions and conclude that they are without merit. Present—Smith, J.P., Carni, Lindley and Gorski, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TREVIS D. BAKER, Appellant. (Appeal No. 1.) [919 NYS2d 428]—

Present—Centra, J.P., Peradotto, Lindley, Sconiers and Martoche, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY DEAN, Appellant. [919 NYS2d 428]—

Present—Centra, J.P., Peradotto, Lindley, Sconiers and Martoche, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES E. HUDSON, Appellant. [919 NYS2d 457]—

Present—Centra, J.P., Peradotto, Lindley, Sconiers and Martoche, JJ.